UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SIEMENS FINANCIAL SERVICES, INC. | : | |
| Plaintiff, | : | Civil Action No. 09-5079 (JLL) |
| v. | : | OPINION |
| GIRESH PATEL d/b/a TRUXTUN MEDICAL EQUIPMENT LEASING CO. and TRUXTUN RADIOLOGY MEDICAL GROUP, L.P. | : | |
| Defendant. | : | |

**CECCHI, Magistrate Judge**.

This matter comes before the Court on the motion of Defendants Giresh Patel ("Patel") d/b/a Truxtun Medical Equipment Leasing Co. ("Truxtun Medical") and Truxtun Radiology Medical Group, L.P. ("Truxtun Radiology") (collectively, "Defendants") to transfer this action pursuant to 28 U.S.C. §1404(a) to the United States District Court for the Eastern District of California (Docket Entry No. 11). Plaintiff Siemens Financial Services, Inc. ("Plaintiff") opposed the motion. Pursuant to Federal Rule of Civil Procedure 78, the Court decides this matter without oral argument. For the reasons set forth herein, Defendants' motion is hereby granted.

**INTRODUCTION**

On or about August 11, 2009, Plaintiff filed a Complaint in the Superior Court of New Jersey, Law Division, Middlesex County sounding in breach of contract. On or about October 2, 2009, Defendants filed a Notice of Removal in this Court. Plaintiff, a Delaware corporation with its principal place of business in New Jersey, is a financial services company. (Ntc. of Rem. at ¶ 6). Patel is an individual residing in California and doing business as Truxtun Medical Equipment Leasing Co. in the state of California (Id. at ¶ 5). Truxtun Radiology is a limited partnership that has two partners, Patel and his wife, Dr. Pragati Patel, both citizens of California. (Id.)

Plaintiff alleges that Defendants breached an Equipment Lease Agreement and a related Guaranty. The pertinent facts are as follows. On or about November 19, 2008, Patel, doing business as Truxtun Medical Equipment Leasing Co., and Plaintiff entered into an Equipment

Lease Agreement, pursuant to which Truxtun Medical agreed to lease from Plaintiff a mammogram machine, the Mammomat Novation DR/S ("the Equipment") and all equipment related thereto. (Cmp. at ¶ 1.) On or about November 14, 2008, Patel, as the general partner of Truxtun Radiology, executed a Guaranty on behalf of Truxtun Radiology, pursuant to which Truxtun Radiology agreed to guarantee unconditionally all of Truxtun Medical's obligations to Plaintiff under the Equipment Lease Agreement. (Id. at ¶ 15-16.) Deborah Hamilton, a representative of Plaintiff, sent the Equipment Lease Agreement and Guaranty to Patel from her office in Malvern, Pennsylvania. (Patel Cert. at ¶ 5.) Patel executed the Equipment Lease Agreement and Guaranty in Bakersfield, California. (Id. at ¶ 6.)

On January 9, 2009, the Equipment was shipped to Patel in California. (Opp'n Br. at 6.) From January 27, 2009 to January 29, 2009, Plaintiff's representatives in California trained Patel's employees on the Equipment. (Patel Cert. at ¶ 7.) Truxtun Radiology began using the Equipment on February 4, 2009. (Id. at ¶ 8.) Shortly thereafter, Patel and his employees began to experience problems with the Equipment. (Id.) During February and March of 2009, Patel contacted several of Plaintiff's representatives located in California to address these problems. (Id. at 10-11.) In February of 2009, Plaintiff's repairmen went to Patel's office in California and attempted unsuccessfully to fix the Equipment. (Id. at 10.) On April 21, 2009, Sven Hackmann, a regional Vice President for Plaintiff whose office is in California, went to Patel's office to discuss the problems, but the Equipment was not fixed. (Id. at 12.) As a result, Defendants ceased making the payments required by the Equipment Lease Agreement. (Id. at 15.)

By letter dated May 18, 2009, Plaintiff notified Truxtun Medical that it was in default of its obligations and that Plaintiff had elected to accelerate all balances due pursuant to the terms of the Lease Equipment Agreement. (Cmp. at ¶ 7.) Truxtun Medical has refused and continues to refuse to pay Plaintiff the amounts due. (Id. at ¶8.) On or about August 11, 2009, Plaintiff filed suit against Defendants in the Superior Court of New Jersey, Law Division, Middlesex County. On or about October 2, 2009, Defendants filed a Notice of Removal in this Court.

Defendants now move to transfer this matter to the United States District Court for the Eastern District of California. In so moving, Defendants argue that the case should be transferred to the Eastern District of California because the majority of the facts concerning the dispute between the parties occurred in California. Defendants emphasize that the claim arose in California and that the witnesses, the parties and their representatives, and the relevant records are all in California. Defendants state that, given these factors, the interests of justice would be best served by the requested transfer.

In response, Plaintiff argues that the interests of justice would not be served by a transfer to the United States District Court for the Eastern District of California because Defendants have not met their burden to overcome Plaintiff's choice of venue, which is entitled to deference. Plaintiff also asserts, *inter alia*, that Defendants agreed in the Equipment Lease Agreement and Guaranty to non-exclusive personal jurisdiction and venue in this District and that its witnesses and records are located in New Jersey. Accordingly, Plaintiff requests that Defendants' motion to transfer be denied.

## DISCUSSION

Defendants request that this case be transferred to the United States District Court for the Eastern District of California pursuant to U.S.C. § 1404(a). Section 1404(a) states: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer

any civil action to any other district or division where it might have been brought." Thus, as a threshold matter, we must determine whether the instant matter "might have been brought" in the Eastern District of California. This requirement is satisfied if, at the time the case was originally filed: (i) venue was proper in the proposed transferee district under 28 U.S.C. § 1391 and (ii) the proposed transferee district could have exercised jurisdiction over the defendants. Colon v. Pitney Bowes Corp., 2007 WL 496875, *2 (D.N.J. Feb. 8, 2007) (citing Shutte v. Armco Steel Corp., 431 F.2d 22, 24 (3d. Cir. 1970).

Under 28 U.S.C. § 1391(a)(1), venue in actions based only on diversity is appropriate in, *inter alia*, "a judicial district where any defendant resides, if all defendants reside in the same State." The facts of the instant matter satisfy both prongs of this inquiry. As an initial matter, it is apparent from Plaintiff's Complaint that the individual defendants are residents of California. In addition, the corporate defendant is also a resident of California. See 28 U.S.C. § 1391(c) ("[f]or purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."). Thus, venue in this matter would be proper in the Eastern District of California.

In addition, the United States District Court for the Eastern District of California could have exercised personal jurisdiction over Defendants had the action been filed before it because Defendants are citizens of California. Therefore, this matter meets the Section 1404(a) requirement that it "might have been brought" in the proposed transferee court, the United States District Court for the Eastern District of California.

Turning to the remainder of the transfer analysis, the Court must consider three factors when determining whether to grant a Section 1404(a) transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. Liggett Group Inc. v. R.J. Reynolds Tobacco Co., 102 F. Supp. 2d 518, 526 (D.N.J. 2000). The analysis is not limited to these factors, but rather is a flexible analysis in which the Court must consider "all relevant factors to determine whether on balance the litigation [will] more conveniently proceed and the interests of justice be better served by transfer to a different forum" Id. (citations and internal quotations omitted). Indeed, the test applied in determining whether to transfer an action pursuant to Section 1404(a) is an "individualized analysis and must be made on the unique facts presented in each case." Id. at 527 (citations omitted).

Courts have identified a number of additional factors that may be considered when deciding a transfer motion. These factors generally fall into two categories: private interests and public interests. Private interests include:

> (1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses - but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

Danka Funding, L.L.C. v. Page, Scrantom, Sprouse, Tucker & Ford, P.C., 21 F. Supp. 2d 465, 474 (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995)) (internal quotations omitted). Public interests include:

(1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases.

Id. (citing Jumara, 55 F. Supp. 2d at 879-80) (internal quotations omitted).

### A. Private Interests

Here, the private interests weigh in favor of transferring the case to the Eastern District of California. As an initial matter, considering the convenience of the witnesses, the Court concludes that this factor weighs in favor of transferring the action to the Eastern District of California. Plaintiff's claims relate almost entirely to the acts and omissions of Defendants which occurred in California. Most of the relevant witnesses are located in California and will likely play a key role in the development in the case. While there may be peripheral witnesses located in New Jersey, the analysis of witness convenience nevertheless tips in favor of transfer.

Further, at least some of the relevant documents, as well as the actual situs of the Equipment and alleged events, are also located in the state of California. See Liggett, 102 F. Supp. 2d at 528. These factors support transfer of the action to the United States District Court for the Eastern District of California.

While a plaintiff's forum choice generally deserves deference, it is accorded less deference "where the operative facts of a lawsuit occurred outside the forum selected by plaintiff." Danka Funding, 21 F. Supp. 2d at 475 (citing Am. Tel. & Tel. Co. v. MCI Communications Corp., 736 F. Supp. 1294, 1306 (D.N.J. 1990)). Plaintiff's claim appears to center around alleged acts in California. The Equipment was intended for use in California and most of the facts giving rise to the alleged breach of the Equipment Lease Agreement occurred in California. Accordingly, the Court is persuaded that the substantial majority of operative facts which form the basis of Plaintiff's claim occurred in California.

Plaintiff also argues that its choice of venue should not be disturbed because it brought this action in the District of New Jersey pursuant to a non-exclusive forum selection clause, and because Defendants waived any objection to venue in the Guaranty. As an initial matter, a waiver of an objection to improper venue does not preclude a Section 1404(a) motion to transfer for the convenience of the parties and witnesses. Siemens Fin. Servs. Inc. v. Open Advantage M.R.I. II L.P., 2008 WL 564707, *4 (D.N.J. Feb. 29, 2008) (affirming the magistrate judge's finding that the existence of a waiver "does not obviate the need for an analysis of the factors set forth in 1404(a) and does not necessarily preclude the granting of the motion to transfer."); see also 17 Moore's Federal Practice §111.18 ("[w]aiver of the objection to improper venue does not preclude a Section 1404(a) motion to transfer"). In addition, although a forum selection clause is a "significant factor that figures centrally in the district court's calculus," Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988), it is not dispositive of a motion to transfer. See Plum Tree, Inc. v. Stockment, 488 F.2d 754, 758 (3d Cir. 1973) ("... the existence of a forum selection clause whose enforcement is not unreasonable does not necessarily prevent the selected forum from ordering a transfer of the case pursuant to Section 1404(a)"). Rather, the Court must balance all of the relevant factors to determine whether transfer is appropriate. See id. (noting that a private

agreement does not obviate the need for a 1404(a) analysis and does not preclude transfer); DeLage Landen Fin. Servs. v. Elite Tech. (NY), Inc., 2009 U.S. Dist. LEXIS 91616, *8-9 (E.D. Pa. Sept. 30, 2009) (holding that public and private interests weigh in favor of transfer despite permissive forum selection clause); see also Siemens Fin. Servs. Inc., 2008 WL 564707, *4; Ramada Worldwide, Inc. v. Brooklyn Park Hotel Properties, LLC, et al., No. 05-3842 (JAG) (D.N.J. 2005).  Moreover, courts afford more weight to exclusive forum selection clauses than to permissive forum selection clauses in which a party merely consents to jurisdiction and venue in a court which may otherwise lack them. See DeLage Landen Fin. Servs. v. Cardservice Int'l, Inc., 2000 U.S. Dist. LEXIS 15505, *7 (E.D.Pa. Oct. 26, 2000) (citing Stewart, 487 U.S. at 29; Plum Tree, 488 F.2d at 758, n.7).  Even affording the permissive forum selection clause due weight, given that the operative facts of the suit, along with most witnesses and documents are all located in California, the Court concludes that, on balance, the private interest factors weigh in favor of transfer.

### B. Public Interests

The public interests also weigh in favor of transferring this case to the Eastern District of California. Central to this analysis is that the operative facts occurred in the transferee district. As discussed above, most of the witnesses and records pertaining to this matter are located within the state of California.  Thus, it is clear that it will likely be less expensive and more efficient for the case to proceed in the Eastern District of California.  Further, California has an interest in resolving this controversy in its home forum.  Thus, taken together, the public interest factors support the transfer of this case to the Eastern District of California.

### C. Interests of Justice

Transferring this action to the Eastern District of California will serve the interests of justice.  The principal events giving rise to Plaintiff's claims occurred in California, a majority of the witnesses and documents are located in California, and the Court is persuaded that the California courts have a greater interest in adjudicating this matter.  Accordingly, Defendants' motion to transfer should be granted.

### CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to transfer this case to the United States District Court for the Eastern District of California.  An appropriate Order accompanies this Opinion.

**Dated: June 15, 2010**                                                                  *s/ Claire C. Cecchi*
                                                                **HON. CLAIRE C. CECCHI**
                                                                 **United States Magistrate Judge**