**NOT FOR PUBLICATION**                                                                                    **CLOSED**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SIEMENS FINANCIAL SERVICES, INC., | Civil Action No.: 09-5079 (JLL) |
| Plaintiff, | |
| v. | **OPINION** |
| GIRESH PATEL d/b/a TRUXTUN MEDICAL EQUIPMENT LEASING CO., et al., | |
| Defendants. | |

**LINARES, District Judge.**

This matter comes before the Court by way of Plaintiff's appeal of Magistrate Judge Claire C. Cecchi's June 15, 2010 Opinion and Order granting Defendants' motion to transfer this action to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1401(a). This appeal is resolved without oral argument. Fed. R. Civ. P. 78.[1] This Court has considered the parties' submissions, and, for the reasons stated herein, affirms Magistrate Judge Cecchi's June 15, 2010 Opinion and Order.

**BACKGROUND**

Plaintiff, a Delaware corporation with its principal place of business in New Jersey, is a financial services company. Giresh Patel is an individual residing in California and doing business as Truxtun Medical Equipment Leasing Co. in the state of California. Truxtun Radiology is a limited partnership that has two partners, Patel and his wife, Dr. Pragati Patel, both citizens of

---

[1] This Court's jurisdiction is premised on 28 U.S.C. § 1332(a)(1).

California (collectively referred to as "Defendants").

Defendants agreed to purchase certain medical equipment ("Equipment") from Siemens Healthcare USA, Inc. ("Siemens Healthcare" also known as Siemens Medical Solutions USA, Inc.), based in California. (Patel Cert., ¶). After negotiating a deal with Siemens Healthcare's office in California, Defendants signed a purchase agreement with Siemens Healthcare. Financing for this transaction was provided by Plaintiff, Siemens Financial Services, Inc. ("Siemens Financial") through a Lease Agreement. The Lease Agreement was signed by Defendants in November 2008 in California. (Patel Cert., ¶ 5).

Defendants allegedly encountered problems with the Equipment shortly after delivery. Representatives of Siemens Healthcare in California were sent to make repairs. (Patel Cert., ¶ 10). Because the Equipment was not properly repaired by Siemens Healthcare, Defendants ceased making payments under the Lease Agreement. (Patel Cert., ¶¶ 14, 15). Defendants' payment obligations under the Lease Agreement were subsequently accelerated and demand was made for the return of the Equipment. (Petrone Aff., ¶ 14). Defendants surrendered the Equipment to Siemens Financial in July 2009. (Id., ¶ 15).

In light of the foregoing, in August 2009, Plaintiff Siemens Financial filed a Complaint in the Superior Court of New Jersey alleging breach of the Lease Agreement (and the corresponding Guaranty). In October 2009, Defendants filed a Notice of Removal with this Court and a motion to transfer this matter to the United States District Court for the Eastern District of California. On June 15, 2010, after weighing numerous factors, Magistrate Judge Claire C. Cecchi granted Defendant's motion and ordered that the matter be transferred. Plaintiff filed an appeal of Judge Cecchi's decision on June 29, 2010.

## **LEGAL STANDARD**

A magistrate judge may consider and decide non-dispositive pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A).  A motion to transfer a case to another district is considered a non-dispositive motion. See Siemens Fin. Servs., Inc. v. Open Advantage M.R.I. II L.P., No. 07-1229, 2008 WL 564707, at *2 (D.N.J. Feb. 29, 2008).  If such a decision is appealed, the district court must affirm the decision unless it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72. 1(c)(1)(A). Under this standard, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. Bessemer City, 470 U.S. 564, 573 (1985) (quotations omitted). "A ruling is 'contrary to law' if the magistrate judge has misinterpreted or misapplied applicable law." Pharm. Sales & Consulting Corp. v. J .W.S. Delavau Co., 106 F. Supp. 2d 761, 764 (D.N.J. 2000). Thus, even where the district court might have decided the matter differently, it will not reverse a magistrate judge's determination so long as this standard is met. See Marks v. Struble, 347 F. Supp. 2d 136, 149 (D.N.J. 2004); Andrews v. Goodyear Tire & Rubber Co., 191 F.R.D. 59, 68 (D.N.J. 2000); see generally Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985) (noting that the clearly erroneous standard "does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently.").

In matters where the magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion. See, e.g., Kresefky v. Panasonic Commc'ns & Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996).  However, a magistrate judge's legal conclusions on a non-dispositive motion will be reviewed de novo. See Haines v. Liggett Group, Inc., 975 F.2d 81,

3

91 (3d Cir. 1992). With this framework in mind, the Court turns now to Plaintiff's appeal.

## ANALYSIS

Plaintiff appeals Judge Cecchi's June 15, 2010 decision granting Defendants' motion to transfer on the following grounds: (1) Judge Cecchi misidentified employees of Siemens Healthcare as Representatives of Siemens Financial, (2) Judge Cecchi erred when stating that Siemens Financial's witnesses and documents are located in California, (3) Judge Cecchi erroneously characterized Siemens Financial's witnesses as "peripheral," (4) Judge Cecchi failed to give Siemens Financial's choice of venue proper weight, (5) Judge Cecchi failed to give the Lease's venue clause proper weight, (6) Judge Cecchi failed to consider that Defendants had identified no witnesses or documents that would be unavailable at trial, (7) Judge Cecchi erred by ignoring that the contracts and claims at issue are governed by New Jersey law, and (8) Judge Cecchi failed to consider that Defendants have admitted all the elements necessary for Siemens Financial to prevail on its claims and that Defendants have no viable defenses to their unconditional payment obligations to Siemens Financial.

Having considered the numerous arguments raised in support of the instant appeal, the Court construes the alleged errors raised by Plaintiff as falling within the following three (3) categories: (1) factual errors, (2) improper weight afforded to certain factors, and (3) failure to consider certain factors. The Court will address each category, in turn.

First, however, the Court notes, for purposes of clarification, that Plaintiff does not challenge the fact that its Complaint could have been brought in the Eastern District of California, in accordance with 28 U.S.C. § 1404(a); rather, the crux of Plaintiff's arguments on appeal is that

4

Magistrate Judge Cecchi erred in weighing the various factors considered by courts in this district in deciding whether to grant a Section 1404(a) transfer.

**1.      Factual Errors**

Plaintiff alleges that Judge Cecchi erred by misidentifying employees of Siemens Healthcare as employees (or representatives of) Siemens Financial.  Based on this mistake, Plaintiff claims that Judge Cecchi erred in stating that Siemens Financial's witnesses and documents are located in California (when she was actually referring to Siemens Healthcare's witnesses and documents). Plaintiff claims that such errors "led to a misapplication of settled Third Circuit law." (Pl. Appeal at 7).  Based on the reasons that follow, this Court disagrees.

As a preliminary matter, it appears that Judge Cecchi did err in describing certain employees of Siemens Financial (based out of New Jersey) as employees of Siemens Healthcare (based out of California).  Defendants concede as much.  (Def. Opp'n Br. at 14).  Such error, according to Plaintiff, led to the erroneous conclusion that most of the relevant witnesses to the transaction are located in California.  There is no indication, however, that Judge Cecchi misapplied the relevant caselaw.  To the contrary, Judge Cecchi weighed <u>numerous</u> factors in considering whether a transfer pursuant to Section 1404(a) was appropriate, only one of which was the location of witnesses.[2] Moreover, although Siemens Healthcare and Siemens Financial are separate entities, and Siemens Financial's principal place of business is in New Jersey, not California, it is clear to the Court that

---

[2] For instance, Magistrate Judge Cecchi considered: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice.  See <u>Liggett Group Inc. v. F.J. Reynolds Tobacco Co.</u>, 102 F. Supp. 2d 518, 526 (D.N.J. 2000).  She also considered certain private and public interest factors, such as: the location of the relevant documents, the situs of the equipment, the non-exclusive forum selection clause contained in the Lease Agreement and the competing interests of New Jersey and California in adjudicating this dispute. See generally <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873, 882 (3d Cir. 1995).

the parties' execution of the Lease Agreement was part and parcel of a larger transaction – namely, one involving Defendants' purchase of the Equipment which is the subject of the Lease Agreement. Thus, Judge Cecchi's finding that most of the relevant witnesses are located in California – regardless of where such witnesses were employed – was not clearly erroneous.

**2.      Improper Weight Given to Certain Factors**

Plaintiff also challenges the weight given by Judge Cecchi to certain factors. For instance, Plaintiff challenges Judge Cecchi's finding that employees of Siemens Financial are "peripheral" witnesses. Plaintiff also claims that Magistrate Judge Cecchi's failed to give Siemens Financial's forum selection clause and/or choice of venue proper weight.

The determination of how much weight a particular factor should be given involves an exercise of discretion.[3]  "An abuse of discretion occurs: 'when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted.' " Richards v. Johnson & Johnson, Inc., No. 05-3663(KSH), 2008 WL 544663, at * 2 (D.N.J. Feb.26, 2008) (quoting Lindy Bros. Builders v. Am. Radiator & Standard Sanitary Corp., 540 F.2d 102, 115 (3d Cir. 1976) (internal quotation omitted)).

In assessing the location of the witnesses, Magistrate Judge Cecchi found that most of the

---

[3] See, e.g., Jumara v. State Farm Ins. Co., 55 F.3d 873, 883 (3d Cir. 1995) ("The Supreme Court explained in Stewart that section 1404(a) was intended to vest district courts with broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer."); Osteotech, Inc. v. GenSci Regeneration Sciences, Inc., 6 F. Supp. 2d 349, 357 (D.N.J. 1998) ("Whether a case should be transferred is a decision made on a case-by-case basis. In making such a determination, the district court has the discretion to weigh a number of factors, which encompass both public and private concerns.").

key witnesses are located in California and that "[w]hile there may be peripheral witnesses located in New Jersey, the analysis of witness convenience nevertheless tips in favor of transfer." As previously stated, although Siemens Healthcare and Siemens Financial are two separate entities, the dispute between Siemens Financial and the Defendants over the execution of a Lease Agreement is part of a larger transaction, namely the purchase of the Equipment which is the subject of the Lease Agreement. Plaintiff would have the Court interpret the operative facts as follows: Plaintiff mailed a Lease Agreement from New Jersey to Defendants in California; the executed Lease Agreement was then mailed back to New Jersey. By contrast, Magistrate Judge Cecchi determined that certain additional facts were also integral to the transaction at issue and that such factors tipped the scale in favor of a transfer. Such factors include: Defendants signed the Lease Agreement in California; all issues concerning the Equipment occurred in and were tended to in California; and Defendants ultimately failed to make payments under the Lease Agreement in California.[4] Judge Cecchi did not abuse her discretion in finding that such factors – none of which were clearly erroneous – tipped the scale in favor of a transfer.

Plaintiff also challenges Judge Cecchi's failure to give Siemens Financial's forum selection clause and/or choice of venue proper weight. In considering the forum selection clause contained in the Lease Agreement (and Plaintiff's corresponding choice of venue), Magistrate Judge Cecchi noted several legal principles most important of which is that a forum selection clause is relevant to but not dispositive of a motion to transfer. See, e.g., Plum Tree, Inc. v. Stockment, 488 F.2d 754,

---

[4] See, e.g., Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 295 (3d Cir. 1994) ("The omissions that Cottman cites – Martino's failure to return various materials and failure to remit payments – actually occurred in Michigan, not in Pennsylvania. Even though the result was Cottman's non-receipt of those items in Pennsylvania, the omissions bringing about this result actually occurred in Michigan.").

758 (3d Cir. 1973).[5] Plaintiff does not dispute that the permissive forum selection clause agreed to by the parties is merely one of various factors to be weighed by the court in assessing a motion to transfer pursuant to Section 1404(a). The fact that Plaintiff would have the Court tip the scale differently has no bearing on whether Judge Cecchi abused her discretion in reaching her ultimate conclusion. In any event, the Court finds that the weight given to Siemens Financial's permissive forum selection clause was reasonable given the entire context of the transaction at issue. Thus, the Court finds that Magistrate Judge Cecchi did not abuse her discretion in weighing this factor.

**3.     Failure to Consider Certain Factors**

Finally, Plaintiff claims that Judge Cecchi: (1) ignored those portions of the Petrone Affidavit stating that Siemens Financial's key witnesses and documents are located in New Jersey, not California, (2) failed to consider that Defendants have no viable defense against their payment obligations to Siemens Financial under the Lease Agreement, (3) failed to consider that Defendants identified no witnesses or documents that would be unavailable for trial in New Jersey, and (4) failed to consider that the relevant contracts, including the Lease Agreement, are governed by New Jersey

---

[5] In Plum Tree, the Third Circuit noted the following:

> Congress set down in § 1404(a) the factors it thought should be decisive on a motion for transfer. Only one of these – the convenience of the parties – is properly within the power of the parties themselves to affect by a forum-selection clause. The other factors – the convenience of witnesses and the interest of justice – are third party or public interests that must be weighed by the district court; they cannot be automatically outweighed by the existence of a purely private agreement between the parties. Such an agreement does not obviate the need for an analysis of the factors set forth in § 1404(a) and does not necessarily preclude the granting of the motion to transfer.

Plum Tree, 488 F.2d at 758.

law.

To the extent that Plaintiff claims that Magistrate Judge Cecchi erred in ignoring portions of the Petrone Affidavit, the Court finds such argument to be baseless. Judge Cecchi specifically recognized that certain peripheral witnesses were located in New Jersey and that at least some of the relevant documents could be present in New Jersey. Thus, there is no indication that Magistrate Judge Cecchi ignored – in whole or in part – any aspect of the Petrone Affidavit. To the contrary, she based her decision on information contained therein. Again, the fact that Plaintiff would have given greater weight to statements contained in the Petrone Affidavit than that afforded by Judge Cecchi has no bearing on the reasonableness of her assessment. See, e.g., Richards, 2008 WL 544663, at * 2 ("[D]iscretion is abused only where no reasonable man would take the view adopted . . . .' ").

Next, Plaintiff claims that Magistrate Judge Cecchi erred by failing to consider that Defendants have no viable defense against their payment obligations to Siemens Financial under the Lease Agreement. Plaintiff fails to explain how such speculation as to the merits of its claim is relevant, in any way, to the court's analysis on a motion to transfer pursuant to 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").

Finally, Plaintiff claims that Magistrate Judge Cecchi erred by failing to consider that Defendants identified no witnesses or documents that would be unavailable for trial in New Jersey or that the relevant contracts, including the Lease Agreement, are governed by New Jersey law. The fact that Judge Cecchi did not explicitly address such matters in her decision does not mean that she did not consider such arguments in rendering her decision, and, in any event, did not lead to a

9

conclusion which was clearly erroneous or contrary to law. See, e.g., Ashton v. AT & T Corp., No. 03-3158, 2006 U.S. Dist. LEXIS 4787, at *2-5 (D.N.J. Feb. 2, 2006) (citation omitted) ("An argument is not deemed overlooked because it is not specifically addressed in a court's opinion."). Moreover, while the "'familiarity of the trial judge with the applicable state law,' is a consideration that could tip the balance in an otherwise close call, the Court notes that federal district courts are regularly called upon to interpret the laws of jurisdictions outside of the states in which they sit." Yocham v. Novartis Pharm. Corp., 565 F. Supp. 2d 554, 560 (D.N.J. 2008).

In short, Magistrate Judge Cecchi had full discretion to rule on the adequacy and appropriateness of the Section 1404(a) transfer motion before her. Although Magistrate Judge Cecchi inadvertently referred to certain employees of Siemens Healthcare as employees of Siemens Financial, the end result of her analysis was neither clearly erroneous nor contrary to law. In essence, Plaintiff simply urges the Court to decide the motion differently. This is not a sufficient basis to reverse Judge Cecchi's decision. See, e.g., Toth v. Alice Pearl, Inc., 158 F.R.D. 47, 50 (D.N.J. 1994) ("Under the clearly erroneous standard of review, the magistrate judge's findings should not be rejected even if a reviewing court could have decided the issue differently."). Evidence contained in the record confirms: (1) Defendants signed the Lease Agreement underlying this breach of contract dispute in the state of California,[6] (2) the Equipment which is the subject of the Lease Agreement was located at all relevant times in the state of California,[7] and (3) the actions underlying Plaintiff's breach of contract (i.e., Defendants' failure to make payments under the Lease

---

[6] See Patel Cert., ¶ 6.

[7] See Compl., Ex. B; Patel Cert., ¶¶ 3, 7; Petrone Aff., ¶¶ 10, 15.

10

Agreement) occurred in the state of California.[8]  In light of the foregoing, the Court finds ample support for Magistrate Judge Cecchi's conclusion that the matter should be transferred to the Eastern District of California pursuant to 28 U.S.C. § 1404(a).

## CONCLUSION

Based on the reasons set forth above, Magistrate Judge Claire C. Cecchi's June 15, 2010 Opinion transferring the instant matter to the Eastern District of California is hereby affirmed.  An appropriate Order accompanies this Opinion.

DATED: August 5, 2010

/s/ Jose L. Linares
JOSE L. LINARES,
UNITED STATES DISTRICT JUDGE

---

[8] See, e.g., Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 295 (3d Cir. 1994) ("The omissions that Cottman cites – Martino's failure to return various materials and failure to remit payments – actually occurred in Michigan, not in Pennsylvania. Even though the result was Cottman's non-receipt of those items in Pennsylvania, the omissions bringing about this result actually occurred in Michigan.").